[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10541
Non-Argument Calendar

_____

D.C. Docket No. 2:18-cr-00282-ECM-GMB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMMY LLOYD KEENE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(February 18, 2020)

Before NEWSOM, HULL, and MARCUS, Circuit Judges.

PER CURIAM:

In June 2018, a federal grand jury indicted Tommy Keene for one count of bank robbery, in violation of 18 U.S.C. § 2113(a).  Keene eventually pleaded guilty and was sentenced to 164-months imprisonment.  Keene now appeals his sentence, which he argues is substantively unreasonable.  The Government has moved to dismiss Keene's appeal pursuant to an appeal waiver in his plea agreement.  We needn't determine the enforceability of Keene's appeal waiver because we conclude that, even if Keene were entitled to appeal the substantive reasonableness of his sentence, his appeal would fail on the merits.  We therefore affirm.

Keene's plea agreement contained an appeal-waiver provision, which stated that (notwithstanding a few inapplicable exceptions) Keene waived his rights—conferred by 18 U.S.C. § 3742 and 28 U.S.C. § 2255—to appeal and to collaterally attack his conviction or sentence.  After Keene filed this appeal in February 2019, the government filed a motion to dismiss, alleging that the appeal was precluded by the appeal-waiver provision in Keene's plea agreement.  Keene responded that the appeal waiver provision is unenforceable because he did not enter into it knowingly and voluntarily.

We find it unnecessary to address the enforceability of Keene's appeal waiver, because we hold that even if Keene's appeal waiver were deemed

2

unenforceable and Keene's appeal were permitted to proceed, it would fail on the merits.

Keene argues that the district court's 164-month sentence is substantively unreasonable because it "overlook[ed] the important factors of [Keene's] horrendous upbringing, his mental health issues[,] and [his] traumatic brain injury," which "warranted a downward variance" from the Sentencing Guidelines. We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). We determine whether the sentence is substantively reasonable under the totality of the circumstances. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). The party challenging the sentence has the burden of demonstrating that it is unreasonable in light of the record and the sentencing factors. *Id*.

A district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as well as deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing its sentence, the district court must also consider "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the kinds of sentences available," the applicable guideline range, and

3

"the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." *Id*. § 3553(a)(1), (3)–(4), (6).

"The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). However, a district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation omitted).

After careful review of the record, we hold that the district court did not abuse its discretion in this case. Keene's sentence—164 months' imprisonment—was within the 151-to-188-month range calculated pursuant to the Sentencing Guidelines. And although we do not automatically presume that a sentence within the Guidelines' range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). Keene's sentence was also well below the statutory maximum term of imprisonment of 240 months, which is another indicator of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

4

The record further shows that the district court explained the 18 U.S.C. § 3553(a) factors that it considered and gave a detailed explanation for the sentence it imposed.  The district court acknowledged that Keene has been on a "very difficult road" but stated that his difficulties "do[n't] excuse what [he] ha[s] done." In imposing a 164-month sentence and rejecting Keene's substantive-unreasonableness objection to it, the district court emphasized the "danger" that Keene poses "to [him]self and to society," the "continuous nature" of his criminal behavior, and the "seriousness" of his offense.

The district court's sentence does not leave us "with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors."  *United States v. Clay*, 483 F.3d 739, 747 (11th Cir. 2007) (quotation omitted).  Accordingly, Keene's sentence was substantively reasonable, and we affirm.

**AFFIRMED.**